UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| ROBERT ELLIOT WOLFFE, | ) No. CV 13-06413-VBK |
| Plaintiff, | ) MEMORANDUM OPINION ) AND ORDER |
| v. | ) ) (Social Security Case) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) |
| Defendant. | ) ) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the Administrative Record ("AR") before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified AR.

Plaintiff raises the following issues:

1. Whether the Administrative Law Judge ("ALJ") properly

```
            rejected the opinions of Plaintiff's treating physicians,
            Dr. Moe and Dr. Kramer;
     2.     Whether the ALJ erred in determining Plaintiff's
            credibility;
     3.     Whether the ALJ erred in failing to find that Plaintiff's
            anxiety was a severe impairment;
     4.     Whether the ALJ properly considered the combined effects of
            Plaintiff's impairments when determining Plaintiff's
            residual functional capacity; and
     5.     Whether the ALJ erred in relying upon the Vocational
            Expert's testimony as the residual functional capacity
            determined by the ALJ did not include all of Plaintiff's
            impairments.
```
(JS at p. 3.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that for the reasons set forth, the decision of the Commissioner must be reversed and the matter remanded for further hearing.

**I**

**THE ALJ IMPROPERLY REJECTED THE OPINIONS OF TREATING PHYSICIAN DR. MOE AND TREATING PSYCHIATRIST DR. KRAMER**

Plaintiff's internal medicine doctor is Ardis Moe, who has treated him at Northeast Valley Health Corporation since 2010. (AR 359.) The record contains two "Physician's Statements" from Dr. Moe. The first is dated October 2010 (AR 198-199); the second was completed

in February 2011 (AR 226-227).

Following the ALJ's unfavorable decision, which was issued on March 26, 2012 (AR 13-22), Plaintiff requested review by the Appeals Council (AR 7), and submitted additional exhibits which were considered but ultimately rejected. (AR 1-3.) The additional exhibits include a letter of May 22, 2012 from Dr. Moe (AR 4, 359). In addition, the Appeals Council considered a July 3, 2012 "Medical Source Statement" from Dr. Moe (AR 360-362), and a "Medical Report on Adult with Allegation of Human Immunodeficiency Virus (HIV) Infection," dated August 24, 2012. (AR 356-358.)

Although the parties make only brief reference to these additional evidentiary documents which were considered by the Appeals Council, it is without doubt the law that this Court must consider them in determining whether to affirm the decision of the Commissioner. (See Brewes v. Commissioner of Social Sec. Admin., 682 F.3d 1157, 1159 (9th Cir. 2012) ("... when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence."

Dr. Moe's Statements assess severe functional limitations. Had they been viewed as substantial evidence by the ALJ, undoubtedly this would have had an effect, at the least, on the assessment of Plaintiff's Residual Functional Capacity ("RFC"); however, the ALJ determined to give Dr. Moe's assessments of 2010 and 2011 "little weight." (AR 20.) In fact, Dr. Moe's opinions were completely discredited by the ALJ.

3

Unquestionably, Dr. Moe functioned as one of Plaintiff's treating physicians. According to established Social Security regulations and Ninth Circuit case law, the opinion of the treating physician normally is entitled to significant weight. As set out in 20 C.F.R. § 404.1427(e)(3)(F)(2)(2)(ii),

> "[U]nless the treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of State Agency medical or psychological consultant or other program physician or psychologist, as the administrative law judge must do for any opinion from treating sources, non-treating sources, and other non-examining sources who do not work for us."

Where a treating physician's opinion is contradicted, the ALJ must articulate specific and legitimate reasons supported by substantial evidence in the record. See <u>Carmickle v. Commissioner, Social Sec. Admin.</u>, 533 F.3d 1155, 1164 (9th Cir. 2008); citing <u>Lester v. Chater</u>, 81 F.3d 821, 830-31 (9th Cir. 1995).

The Court's role is to determine whether the stated reasons provided by the ALJ meet the tests established by Social Security regulations and Ninth Circuit case law. As such, the Court must identify the reasons stated in the decision, and evaluate them under the appropriate standards.

Looking at this decision, there are exactly two reasons provided by the ALJ for rejecting Dr. Moe's conclusions. These are the following:

1. "The source provided no treating records and gave only

4

|     |     |
| --- | --- |
| 1   | diagnoses as the basis for his conclusions [exhibit |
| 2   | references omitted];" |
| 3   | 2. "Furthermore, the opinions cover a period of less than |
| 4   | twelve months, ..." |

(AR 20.)

The above two reasons are not factually supported by the record. As to the first reason, it is clear that Dr. Moe's opinions are accompanied by substantial longitudinal treatment records. These include chart notes from July 6, 2010 to November 8, 2011, and laboratory results which accompanied the chart notes. (See, AR 280-297.) These are in fact treating records, and it was the ALJ's responsibility to evaluate them under applicable law and regulations. In response to Plaintiff's argument, however, the Commissioner misconstrues the applicable law, citing Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1195 (9th Cir. 2004), for the proposition that an ALJ may discredit a treating physician's opinion if it is conclusory, brief and unsupported by the record as a whole, or by objective medical findings. The Commissioner invites this Court to do its own independent examination of these treating records to make a determination whether or not they are supportive or not supportive of Dr. Moe's conclusions. But that is not the role of the Court. The ALJ must perform that function, and then articulate why he finds that the treating records do not support the physician's conclusions. Then, this Court must evaluate whether the reasons articulated in the decision are specific and legitimate. That cannot occur here, because the ALJ erroneously concluded that there were no treating records.

As to the second reason, it is clear that Dr. Moe treated Plaintiff for a period of more than 12 months. The Commissioner implicitly recognizes that there was a sufficient longitudinal period, but argues that, "Plaintiff inaccurately contends that Dr. Moe's chart notes from July 2010 to November 2011 [AR 280-297] provide sufficient support for her severely restrictive opinions ..." (JS at 19.)

Thus, whether or not Dr. Moe's opinions were contradicted by the opinion of a consultative examiner is not the issue. This is a reviewing court, not a fact-finding court. While an ALJ may, in a particular case, determine to accept, in whole or in part, the opinion of a consultative examiner over that of a treating physician, that can only be accomplished if the ALJ articulates reasons that are supported by regulations and are in accord with well-established Ninth Circuit law. That did not occur here, and for that reason, remand for a new hearing is required.

With regard to treating psychiatrist Dr. Kramer, the ALJ's decision is not sustainable, for the same reasons as the Court has articulated as to Dr. Moe. With regard to Dr. Kramer, the ALJ determined to give his opinion "little weight" based on one stated reason:

> "The source's assessment imposes limitations that exceed even those that the claimant alleged."

(AR 21.)

The Court will not belabor the point, but this is not a "specific and legitimate" reason to outright reject the opinion of a treating source.

Dr. Kramer, a board-certified treating psychiatrist, completed a Psychiatric Medical Source Statement on December 30, 2011. (AR 227-

6

329.) Dr. Kramer treated Plaintiff at the Northeast Valley Health Center for psychiatric conditions which included depression and anxiety. Before treating with Dr. Kramer, Plaintiff had received psychiatric treatment at the same facility from Dr. Pariewski, also board-certified as a psychiatrist. There are psychiatric progress notes from Dr. Pariewski in the record documenting treatment afforded to Plaintiff between July 2010 and November 2010. (AR 214-225.) The ALJ's decision is further deficient because there is no comment whatsoever in it relating to Dr. Pariewski's treatment record. Dr. Pariewski's "Psychiatric and Medical Source Statement" is quite specific in documenting "marked" limitations in most identified areas of mental functioning. (AR 328.)

The ALJ had the responsibility to analyze Dr. Kramer's opinion, and in particular, to determine how it compared to opinions rendered by Plaintiff's prior treating psychiatrist, Dr. Pariewski. This did not occur, as the Court has noted with regard to the single reason cited in the ALJ's decision to outright reject Dr. Kramer's opinion. Dr. Kramer also provided an opinion as to Plaintiff's functional limitations from a psychiatric perspective. (Id.)

With regard to the ALJ's stated reason to reject Dr. Kramer's opinion (that it indicated a greater level of limitation than Plaintiff himself claims), the Court does not find that to constitute in and of itself substantial evidence to outright reject the opinion of a treating psychiatrist. While this may be evidence that can be considered in conjunction with other evidence, it is not credible to postulate that an individual's own self-diagnosis as to his mental condition should be compared with the opinion of a treating psychiatrist to determine whether the latter opinion should be

7

disregarded. The Commissioner cites no case law that would support such a proposition, and the Court is not aware of any. The Commissioner's invitation to the Court to do an independent evaluation of the mental health treatment notes in the record which constitute a function that is not within its purview. (<u>See</u> JS at 21, <u>et</u> <u>seq</u>.)

The Court's determination that this matter must be remanded for a <u>de</u> <u>novo</u> hearing, based upon error committed in the Commissioner's evaluations of Plaintiff's treating psychiatrist and treating physician, becomes dispositive as to the remaining issues, which the Court will, therefore, only briefly address, since, as noted, this matter must be subjected to a new, <u>de</u> <u>novo</u> hearing on all issues pertaining to asserted disability.

Certainly, the third issue, which asserts error because the ALJ failed to find that Plaintiff's anxiety was a severe impairment, is effectively encompassed within the Court's conclusions as to the first issue, since Plaintiff's treating psychiatrist did find that Plaintiff has severe anxiety; however, the ALJ, as noted, improperly determined to reject the opinion of Dr. Kramer.

With regard to the credibility issue (Issue two), the ALJ's stated reasons to depreciate Plaintiff's credibility rely largely on lack of objective medical evidence and a sparse treatment history. Again, these issues directly relate to the opinions of Plaintiff's treating physicians, which the Court has determined were invalidly rejected or depreciated.

The Court will, however, note that on remand careful attention should be paid to whether the extent or lack of extent of Plaintiff's treatment is related to a financial inability to pay.

Further, the Court will note its concerns with the ALJ's

evaluation of Plaintiff's activities of daily living ("ADL"). On remand, careful attention should be paid to a proper evaluation of this factor vis-a-vis the determination of Plaintiff's credibility.

With regard to Issue five, which asserts that it was erroneous for the ALJ to rely upon the vocational expert's ("VE") testimony in determining residual functional capacity because the hypothetical questions failed to include all of Plaintiff's impairments, that issue, again, is integrally related to the first issue, which concerns the opinions of Plaintiff's treating physicians. Consequently, the Court need not discuss it further, as any hypothetical questions which might be posed in a de novo hearing to a VE will depend upon and certainly be related to the ALJ's determination of the opinions of the treating physician and psychiatrist.

For the foregoing reasons, the Court determines that this matter must be remanded for a de novo hearing. On remand, none of the findings reached by the ALJ in this current case will be relied on as a basis for determination of disability issues.

**IT IS SO ORDERED.**

DATED: July 8, 2014                     /s/
                                        VICTOR B. KENTON
                                        UNITED STATES MAGISTRATE JUDGE